O-5799



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Mrs. B. B. Sapp, Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Mrs. Sapp:

Opinion No. O-5799
Re: Claim of J. A. Reilly
as optional beneficiary
of Margaret Reilly, member
of Teacher Retirement
system who died within 50
days after August 31, 1941.

You have submitted for our consideration the
following matter:

"The Board of Trustees of the Teacher
Retirement System has requested me to
secure an opinion from you with reference
to the claim of Justin Aubrey Riley as a
beneficiary of Margaret Riley, deceased.

"Miss Margaret Riley established her
membership with the Teacher Retirement
System of Texas at the beginning of the
System, the 1937-38 school year. She
taught two full school years - 1937-38 and
1938-39. She resigned her teaching posi-
tion June 1, 1939, expressing a desire for
retirement. She was notified that at that
time the State had not matched the Teacher
Retirement money and retirement could not
be effective until the State matched the
money. Since her record was intact, she
was asked to make an optional selection to
be effective when retirement could be effec-
tive. Miss Riley chose option one and
named her nephew, Justin Aubrey Riley, as
nominee.

"The Teacher Retirement Law was amended
in 1941 as an act of the 47th Legislature.
The following is a quotation of Section 3,
Sub-section 1, of the act:

D COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. B. B. Sapp - page 2

"'. . . provided further that no retirement shall be effective prior to August 31, 1941.'"

"Sub-section 7, of the said amendment:

"'. . . with the provision that no optional selection shall be effective in case a beneficiary dies within thirty (30) days after retirement, and that such a beneficiary shall be considered as an active member at the time of death, until the first payment on account of any service benefit becomes normally due . . .'

"At the same session of the Legislature, the Teacher Retirement System's money was matched by the State.

"Miss Riley died September 5, 1941. The State Board of Trustees of the Teacher Retirement System has denied Mr. Justin Aubrey Riley's claim as a nominee based upon the above facts found in the amendment of the Teacher Retirement Law as enacted by the 47th Legislature.

"We respectfully submit this case to you for your opinion and ask that you notify us immediately if, in your opinion, the Board of Trustees of the Teacher Retirement System acted in accordance with the Teacher Retirement Law as amended by the 47th Legislature."

The inquiry is governed by our opinion No. O-4197, in which it was held that, under the Teacher Retirement Act as amended in 1941, where a member made application prior to August 31, 1941 for retirement to be effective at that date but who died prior to September 30, 1941, such member occupied the position of an active member at the time of death, and that an optional selection made by him was not effective in view of subsection 7 of Section 5. In conse-

Mrs. B. B. Sapp - page 3

quence, that opinion further advised that the benefits payable under the amended act were limited to return of his accumulated contributions as authorized under Subsection 6 of Section 5.

In connection with our consideration of the question submitted, there has been filed with us a brief in support of the claim of Mr. J. A. Reilly to benefits under the optional selection chosen by Miss Margaret Reilly. The brief differs with our construction of the meaning and effect of the 1941 amendment of the Teacher Retirement Act, insofar as it relates to this claim. In addition, it is contended that if the construction which we have given to the act be correct, then the act is violative of the vested rights of Miss Reilly and her designated beneficiary, because she had done everything required of her by law to entitle her to retirement prior to the passage of the 1941 amendment in which it was provided that "no retirement shall be effective prior to August 31, 1941."

It is not requisite that we determine the questions of property and Constitutional law suggested in the brief in order to dispose of the problem submitted in your inquiry. For though it be conceded that rights may have ripened in favor of Miss Reilly or her designated beneficiary under the laws existing prior to the 1941 amendment, so that the Legislature would be powerless to enact a law abridging or abolishing those rights, nevertheless the only rights which might be asserted were inchoate and incomplete for the reason that the legislature had not, and to this date has not made provision whereunder the claim may be recognized and paid. The mere failure of the Legislature to enact a provision allowing payment of an admitted claim against the State is not an infringement of any right thereunder. The power to authorize the payment of claims against the state is solely within the province of the Legislature; and until affirmative provision is made by that authority under which the asserted claims can be paid, they may not be.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Gaynor Kendall
Gaynor Kendall
Assistant

MAR 4, 1944

GK:bb

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN